UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-1701-WTL-DKL |
| ) | |
| BRUCE LEMMON and ) | |
| JIM WYNN, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

This cause is before the Court on the Defendants' motion to dismiss. Dkt. No. 13. The Plaintiff, who is represented by counsel, has not responded, and the time for doing so has now passed. Accordingly, the motion is ripe for ruling.

## I.   STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## II.   BACKGROUND

The facts as alleged in the Amended Complaint (Dkt. No. 12) are as follow. On November 23, 2010, the Honorable Marc T. Rothenburg, Presiding Judge of the Marion Superior

Court No. 9, Criminal Division, approved a plea agreement between Plaintiff Jesse Howard and the State of the Indiana. Judge Rothenburg entered a judgment of conviction against Howard for Theft, a Class D felony, and imposed an executed sentence of 545 days in the Marion County Community Corrections Program (CCJ) on home detention. Howard was given credit for thirty days of confinement prior to sentencing.

Howard was ordered held in the Marion County Jail until placement. However, for reasons unknown to Howard, he was erroneously transported to the Reception Diagnostic Center ("RDC")[1] and ultimately held, processed, and incarcerated at Putnamville Correctional Facility, where he served his executed sentence.

Howard now brings the instant action for damages, alleging that his constitutional rights under the Fourth and Fourteenth Amendments were violated when he was placed with the Indiana Department of Correction ("DOC") rather than the CCJ. Although Howard initially sought relief from the DOC, DOC Commissioner Bruce Lemmon, and RDC Superintendent Jim Wynn, he has since amended his complaint. He now seeks relief from Lemmon and Wynn in their individual capacities only. Lemmon and Wynn have moved to dismiss.

### III.   DISCUSSION

Howard brings suit pursuit to 42 U.S.C. § 1983, which provides a civil right of action against persons who, under color of state law, deprive a person of his or her constitutional rights, privileges, and immunities. Here, Howard alleges that Lemmon and Wynn violated his Fourth Amendment right against unreasonable searches and seizures. Howard's claim is based on the theory that the DOC has a policy, custom, or practice of not closely reviewing court paperwork to determine where a defendant should serve his sentence. The Defendants move to dismiss on

---

[1] The RDC is the intake facility for adult males sentenced to the Indiana Department of Correction.

2

the ground that policy, practice, and custom cases are cognizable only against municipalities, not state actors.

State officials sued in their individual capacities are liable only for deprivations they personally and actually cause. Howard makes no allegation that Lemmon and Wynn were personally involved in the decision to house him at Putnamville. Howard has pointed to no alternative basis for holding Lemmon and Wynn liable. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) (recognizing a cause of action for customs or policies of government against "local government units which are not considered part of the State for Eleventh Amendment purposes."). Accordingly, Lemmon and Wynn are entitled to dismissal of the claims against them.

### IV.  CONCLUSION

The Defendants' motion to dismiss is **GRANTED**. As Howard's claims are not amenable to repleading, final judgment will now issue.

SO ORDERED:     03/21/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.